UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| CONNIE HUNG, ) | |
| ) | Bankruptcy No. 07-01377 |
| Debtor. ) | |
| ) | |
| SHERYL L. SCHNITTJER, ) | |
| ) | Adversary No. 07-09161 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| NAZBRO, INC. et al ) | |
| ) | |
| Defendants. ) | |

**ORDER RE: MOTION FOR SUMMARY JUDGMENT**

This matter came before the undersigned on May 1, 2008 on Defendant's Motion for Summary Judgment. Plaintiff/Trustee Sheryl Schnittjer was represented by Attorneys Dan Childers and Paula Roby. Defendants were represented by Attorney Tom Fiegen. After hearing arguments of counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(H).

**STATEMENT OF THE CASE**

All the Defendants request summary judgment. As to Counts I and II alleging fraudulent transfers, they assert Debtor Connie Hung was solvent before and after the alleged transfers Trustee seeks to avoid and the transfers occurred more than one year prepetition. Defendants also assert the home on Timberline Drive was Debtor's homestead and Trustee cannot recover an otherwise exempt asset under the Iowa fraudulent transfer statute. They argue Debtor received reasonably equivalent value for the transfer of the home. Defendants Land Ho and Nazbro assert they are not insiders under Iowa Code. sec. 684.1(7).

Counts III and IV assert fees Debtor paid to Defendants Nazette and Broghammer are avoidable preferences under § 547. Defendants assert the ordinary course of business and new value defenses. They also state a $60,000 retainer paid to Mr. Broghammer by Alpha International, Inc. cannot be avoided because it was not property of Debtor. Count V seeks to pierce the

corporate veil of Land Ho. Defendants assert that if there is no fraudulent conveyance, there is no basis to pierce the corporate veil.

Plaintiff/Trustee responds she has two years prepetition to bring a § 548 claim, not one year. She asserts issues of fact exist regarding Debtor's solvency. Trustee also alleges actual fraud which is not dependent on Debtor's solvency or reasonably equivalent value. Debtor did not claim the Timberline property as her homestead. Land Ho and Nazbro can be considered insiders of Debtor. Trustee asserts Defendants never paid Debtor any value for the Timberline property. On Counts III and IV, Trustee denies that Defendants are entitled to judgment as a matter of law on the ordinary course and new value defenses. In summary, Trustee argues Defendants have not presented clear evidence that all material facts are not in dispute.

## CONCLUSIONS OF LAW

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment in adversary proceedings. Fed. R. Bankr. P. 7056, adopting Fed. R. Civ. P. 56. This rule provides that summary judgment shall be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists when (1) there is probative evidence supporting the non-moving party and (2) the evidence goes to a fact impacting the outcome of the dispute under the controlling substantive law in the case. Anderson v. Liberty Lobby, 477 U.S. 242, 248-49 (1986). Essentially, summary judgment should be granted if the moving party can demonstrate that there is no need for trial on an issue because there is not sufficient evidence supporting the nonmoving party. Id. at 249. When a motion for summary judgment is made, the Court must view the available evidence in the light most favorable to the nonmoving party. In re Marlar, 267 F.3d 749, 755 (8th Cir. 2001).

In general, insolvency under § 547 or 548 is a question of fact. In re Prime Realty, Inc., 380 B.R. 529, 534 (B.A.P. 8th Cir. 2007). It is a fact-intensive determination requiring review of an entity's financial records and status at the time of the transfers. Jones Truck Lines, Inc. v. Full Serv. Leasing Corp., 83 F.3d 253, 258 (8th Cir. 1996) (considering § 548). Likewise, a party's defenses to avoidance of a preferential transfer under § 547 require a peculiarly factual analysis. In re Armstrong, 291 F.3d 517, 525 (8th Cir. 2002) (considering

contemporaneous exchange defense); In re Acoustiseal, Inc., 318 B.R. 521, 525 (Bankr. W.D. Mo. 2004) (considering ordinary course of business defense). The Court also notes that § 548(a)(1), which was amended by BACPA and is applicable to this proceeding, allows trustees to avoid fraudulent transfers made within two years prepetition. 11 U.S.C. § 548(a)(1).

The Court has reviewed the multiple documents filed by the parties and finds that genuine issues of material fact exist which preclude summary judgment. The issues involved herein are factual in nature. Trustee disputes many of the facts which Defendants assert are undisputed.

On the issue of insolvency, Defendants assert that solvency is proven because Debtor prepared a financial statement showing solvency, and received a loan, near the time of the transfers alleged to be constructively fraudulent. The Court agrees with Trustee that these facts do not conclusively prove Debtor was not insolvent at that time. Furthermore, Trustee has alleged the transfers were actually fraudulent, as well, which does not require a determination of Debtor's insolvency.

The defenses asserted by Defendants to Trustee's preferential transfer claims are also peculiarly factual in nature. Defendants filed affidavits regarding these defenses. Viewing the record as a whole in the light most favorable to Trustee, the Court cannot find that Defendants are entitled to judgment as a matter of law based on their affidavits.

**WHEREFORE**, Defendants' Motion for Summary Judgment is DENIED.

DATED AND ENTERED: May 21, 2008

/s/ Paul J. Kilburg

PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE